## HATTIE K. VIVICHAVES *v.* Y. AKAU.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED AUGUST 3, 1910.                    DECIDED AUGUST 5, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE COOPER
IN PLACE OF HARTWELL, C.J.

EVIDENCE—*agreement to reduce rent under lease.*
    The evidence in this case held sufficient to sustain a finding that
    by the terms of an oral agreement by a lessor reducing the rent of
    the demised premises the reduction was to continue in effect only
    until otherwise directed by the lessor.

OPINION OF THE COURT BY PERRY, J.

This is an action instituted in the district court of Honolulu
for the sum of $15, balance of rent claimed to be due for the
month of November, 1909. On appeal the circuit court, jury
waived, found for the plaintiff for the amount claimed and
judgment was entered accordingly. The defendant excepts to
the decision and the judgment on the ground that they are
contrary to the law and to the evidence.

It was admitted at the trial that the defendant is the holder
of a lease from the plaintiff for twenty years from June 1,
1900; that the rent reserved by the lease is $55 per month;
that from December 1, 1903, to June 30, 1904, the plaintiff
accepted $50 per month in full satisfaction of the rent, from
July 1, 1904, to November 30, 1904, $45 per month, and from
November 30, 1904, to October 31, 1909, $40 per month; that
for the month of November, 1909, the defendant paid to the
plaintiff $40 as rent but refused to pay the additional sum of
$15 claimed by the plaintiff. The defense offered at the trial
and on these exceptions is that in or about the month of De-
cember, 1904, the plaintiff, through an agent, in consequence
of a complaint by the defendant that he was for certain reasons

stated unable to pay more than $40 per month rent, agreed to reduce the rent to that sum. The defendant was the only witness who testified in support of this alleged agreement. On the other hand, the plaintiff's agent testified, "I told him I would *for the time being* help him out" by reducing the rent to $40 "and he says 'all right,'" and added that he was positive that he used the words "for the time being." The trial court in its opinion said, "The only question is to determine whether or not the reduction of rent reserved was made in December, 1904, as claimed by the tenant, defendant herein. The defendant testified that at that time no reference was made to the reduction of the area of the land leased as the reason for the claim for reduction, but does say that he desired a reduction because of hard times. At that time, December, 1904, the lease had sixteen years yet to run, and I do not imagine it was in the mind of either party that the hard times would continue for the remainder of the term of the lease, 16 years. In my judgment no matter what was said at the time of this acceptance of $40 for the month previous it was not consented that this reduction was to continue during the entire balance of the term of the lease." This is in effect a finding that the agreement of the parties was, not that the rent was thereby reduced for the remainder of the term of the lease, but that it was reduced only for the time being, in other words, that under the terms of the agreement as made the lessor was at liberty at any time to require the payment of the full amount of the rent reserved under the lease. The evidence was contradictory,—perhaps even the testimony of the plaintiff's agent was contradictory in itself —but there was certainly evidence to support the finding as made and under the repeated decisions of this court the finding cannot under the circumstances be disturbed. Under the finding, the plaintiff was at liberty in November, 1909, to require the payment of rent at the rate of $55 per month.

Since the trial court found that an agreement was not made

to reduce the rent for the remainder of the term it is unnecessary to say whether the sale by the lessor to the Territory of a strip of the demised property for street purposes constituted a consideration for the agreement or whether a valid consideration is otherwise shown by the record.

The exceptions are overruled.

*Geo. S. Curry (A. J. Judd* with him on the brief) for plaintiff.

*A. L. C. Atkinson (Atkinson & Quarles* on the brief) for defendant.